# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: April 01, 2020

Virgil R. Green  
Chippewa Correctional Facility  
4269 W. M-80  
Kincheloe, MI 49784

Re: Case No. 19-2027, *Virgil Green v. Tynne Beaudry, et al*  
Originating Case No. : 2:19-cv-00130

Dear Sir or Madam,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/C. Anthony Milton  
Case Manager  
Direct Dial No. 513-564-7026

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 19-2027

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 01, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| VIRGIL R. GREEN, aka Mu'eem A. Rashad, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| TYNNE BEAUDRY, Housing Unit Officer, et al., ) | THE WESTERN DISTRICT OF |
| ) | MICHIGAN |
| Defendants-Appellees. ) | |

O R D E R

Before: MOORE, GILMAN, and ROGERS, Circuit Judges.

Virgil R. Green, also known as Mu'eem A. Rashad, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 for failure to state a claim for relief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Green filed a complaint against Chippewa Correctional Facility Housing Unit Officers Tynne Beaudry and Darnel Wagner and Classification Director Denise Peller. Green asserted that Wagner hired him on June 23, 2018, to work as a porter. He was scheduled to work second shift, from 4:00 p.m. to 11:59 p.m., on Mondays and Tuesdays; first shift, from 8:00 a.m. to 4:00 p.m., on Wednesdays and Thursdays; and either shift on Fridays, as needed.

On February 4, 5, and 11, 2019, Beaudry demanded that Green report to work on second shift at 3:45 p.m. instead of 4:00 p.m. Green filed a grievance against Beaudry on February 11, 2019, for abuse of authority and "violation of policy directives." On February 18, 2019, Beaudry refused to allow Green to work because he did not report for work at 3:45 p.m. Sometime later that day, Beaudry called Green to her office and required him to sign a document reflecting his "work duties and new work hours." On February 19, 2019, Beaudry again refused to allow Green to work because he did not report for work at 3:45 p.m.

On March 4, 2019, Green received his payroll slip for February 2019. The payroll slip showed that he was paid for eighteen, rather than twenty, days of work and he discovered that the two unpaid days were February 18 and 19 when Beaudry refused to allow him to work. Green filed a grievance against Beaudry on March 4, 2019, "for reducing his work pay." Also on March 4, 2019, Green received a "work assignment evaluation" signed by Beaudry and Peller, placing him on a "30 day conditional" work status retroactively from February 19 to March 19, 2019. Green filed a grievance against Beaudry on March 4, 2019 "for retaliatory harassment." On March 20, 2019, Wagner informed Green that his five-day weekly work schedule would be reduced to four days "because Beaudry said [he] refused to work on [F]riday as an 'Extra.'" Wagner refused to listen when Green tried to explain that he "never refused to work during his work detail hours." Green filed a grievance against Beaudry and Wagner "for conspiring to retaliate." On March 29, 2019, Green did not receive a work schedule. He filed a grievance against Beaudry, Wagner, and Peller on March 29, 2019, "for their retaliation and conspiracy."

Green subsequently filed the present lawsuit, claiming that the defendants retaliated against him because he filed grievances and complaints against them. The alleged retaliatory acts included Beaudry's refusal to allow Green to work on February 18 and 19 and the associated loss of pay for those two days; the March 4 work evaluation and thirty-day conditional status approved by Beaudry and Peller; and the March 20 reduction of his weekly work schedule from five to four days and the associated loss of pay for the reduced work days. Green claimed that the defendants conspired to reduce his work days because he filed grievances and complaints against them.

Finally, Green claimed that the defendants denied him due process when reducing his weekly work days. He sought declaratory and monetary relief.

On initial screening, the district court dismissed Green's complaint for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c). The district court concluded that Green's complaint failed to state a due process claim because he lacked a constitutional right to a prison job and failed to state a retaliation claim because his allegations of retaliatory motive were conclusory and factually unsupported. The district court recognized Green's conspiracy claim but did not specifically address it. Green filed a timely appeal.

We review de novo a district court judgment dismissing a complaint under § 1915(e), § 1915A, and § 1997e. *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Green's complaint stated a plausible retaliation claim.

> To establish a claim of First Amendment retaliation, a plaintiff shows that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct."

*Berkshire v. Beauvais*, 928 F.3d 520, 531 (6th Cir. 2019) (omission in original) (quoting *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012)). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) (alteration and omission in original) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005)).

Prisoners have a First Amendment right to file non-frivolous grievances. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Here, Green engaged in protected conduct when he filed grievances. *See id.*

"[A]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). Here, Beaudry's refusal to allow Green to work on February 18 and 19, 2019, the reduction of Green's weekly work schedule from five to four days, and the fact that Green was not scheduled to work beginning on March 29, 2019, all of which would result in lost wages, are sufficiently adverse for retaliation purposes. *See Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011); *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005). The remaining action alleged by Green—placing him on a thirty-day conditional work status—was not sufficiently adverse for retaliation purposes. Instead, that action, which did not result in a loss of pay or any other negative consequences, was not sufficient to deter an ordinary person from engaging in protected conduct. *See Thaddeus-X*, 175 F.3d at 396.

Green alleged a causal connection between the adverse actions and his protected conduct. Regarding Beaudry, Green's complaint asserted that the alleged adverse actions were temporally related to his protected conduct. Temporal proximity between protected conduct and adverse action, alone, "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004), *overruled on other grounds by Gross v. FBL Servs., Inc.*, 557 U.S. 167, 180 (2009)). Here, Green filed a grievance against Beaudry on February 11, 2019, and on February 18 and 19, 2019, Beaudry prevented him from working. Green filed two grievances against Beaudry on March 4, 2019, and on March 20, 2019, his work schedule was reduced from five to four days per week based on information provided by Beaudry. A mere week separates Green's February 11 complaint against Beaudry and Beaudry's refusal to let him work, and a little more than two weeks elapsed between the two March 4 grievances against Beaudry and the reduction of his work schedule. *See Maben*, 887 F.3d at 268; *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008); *DiCarlo*, 358 F.3d at 421-22. Moreover, no other events, other than those at issue, occurred between each grievance and adverse action, bolstering the reasonable inference that Beaudry acted with retaliatory motivations. *See DiCarlo*, 358 F.3d at 421-22.

Though the district court concluded that the adverse actions taken by Beaudry were caused by Green's failure to follow directions and report to work on time, there is nothing in the complaint that suggests that the failure to follow directions is more likely the cause of the adverse actions than the filing of grievances. Because we must draw all reasonable inferences in Green's favor and hold his pro se complaint to a less stringent standard, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we conclude that he stated a retaliation claim against Beaudry.

Green's complaint offers only conclusory allegations that tie Beaudry to the fact that Green was not scheduled to work beginning on March 29, 2019, specifically that Beaudry conspired with Peller, who issued the schedule. Similarly, Green's complaint asserted only vague and conclusory allegations of retaliatory motive against Wagner. Green alleged that Wagner told him to "leave the lobby area, that's what happens when you cry about shit" after Wagner informed him that his weekly work schedule would be reduced from five to four days and he tried to discuss the issue with Wagner. These allegations against Beaudry and Wagner are insufficient to state a plausible retaliation claim. *See Harbin-Bey*, 420 F.3d at 580.

The district court recognized, but did not specifically address, Green's conspiracy claim. And, in his appellate brief, Green requests leave to amend his complaint, a request not presented to the district court. The district court should expressly consider Green's conspiracy claim and his request to amend his complaint on remand.

Green has abandoned his due process claim because he does not challenge the dismissal of that claim in his appellate brief. "Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal." *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998). In other words, the "failure to raise an argument in [an] appellate brief [forfeits] the argument on appeal." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005); *see also Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

No. 19-2027
- 6 -

Accordingly, we **AFFIRM** the district court's judgment in part and **REVERSE** the judgment in part and **REMAND** this case to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk