UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

VIRGIL GREEN,

          Plaintiff,

v.

TYNNE BEAUDRY et al.,

          Defendants.
_____/

Case No. 2:19-cv-130

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court reviewed Plaintiff's complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). The Court dismissed Plaintiff's complaint for failure to state a claim. Plaintiff appealed the judgment. The Sixth Circuit Court of Appeals reversed the dismissal of Plaintiff's First Amendment retaliation claim against Defendant Beaudry. (Order, ECF No. 14.) The Sixth Circuit also directed this Court to consider the request to amend his complaint that Plaintiff filed in the appellate court and to specifically address Plaintiff's allegations of conspiracy—that Defendants Wagner and Peller conspired with Defendant Beaudry to violate Plaintiff's First Amendment rights by retaliating against him for protected conduct. (*Id.*)

### Discussion

    **I.**     **Amendment of the complaint**

In his brief on appeal, Plaintiff states:

Plaintiff seeks to amend his complaint to correct the facts that he threatened to file a grievance against defendant [Beaudry] after she stated, "you are required to work whenever I tell you too." (Compl., ECF No. 1, PageID.5) On February 11, 2019, Plaintiff did in fact file a step-I grievance against defendant for attempting to force

> him to work without being paid. (Compl., Page 3, ¶ 16). This threat/filing of grievance defendant caused her to respond with additional acts retaliation. It is noted that I filed step-I grievances for the above acts also.

*Green v. Beaudry et al.*, No. 19-2027 (6th Cir.), Document 7, Page 3-4.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings by leave of court and that "leave [to amend] shall be freely given when justice so requires." *Id.* In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id* at 182. None of the circumstances referenced in *Foman* are present here. Accordingly, the Court will grant Plaintiff leave to amend his complaint to include the allegations in the paragraph quoted above. Plaintiff is not required to file an amended complaint, the Court will simply construe those allegations as part of the complaint going forward.

II.  Conspiracy allegations

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity vague and conclusory allegations unsupported by material facts are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (recognizing that allegations of conspiracy

must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are conclusory. He does not allege facts from which the Court might infer the existence of conspiracy, he simply uses the word "conspiracy" four times and the word "conspiring" twice. His allegations, even viewed in the light most favorable to Plaintiff, describe discrete facts that occurred over a period of time involving three individual officers. Plaintiff has not alleged facts supporting any agreement between the Defendants. He relies entirely on an attenuated inference from the mere fact that his objectionable treatment at the hands of Defendant Beaudry had consequences that were expressed in the actions of Defendants Wagner and Peller with regard to Plaintiff's schedule and pay. The Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that, although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In light of the far more likely possibility that Wagner's and Peller's acts, as alleged by Plaintiff, followed from Beaudry's directions without any intent to join some conspiracy to violate Plaintiff's constitutional rights, Plaintiff fails to state a plausible claim of conspiracy.

Plaintiff's conspiracy claim is probably also barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine states that "if all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Hull v.*

3

*Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 510 (6th Cir. 1991). The Sixth Circuit has repeatedly applied the doctrine to claims under 42 U.S.C. § 1985(3). *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994) (quoting *Hull*, 926 F.2d at 510). Recently, in *Jackson v. City of Cleveland*, 925 F.3d 793, 817-19 (6th Cir. 2019), the Sixth Circuit concluded that the intracorporate conspiracy doctrine applies to § 1983, as well as § 1985. As a result, unless members of the same collective entity (such as the MDOC) are acting outside the scope of their employment, they are deemed to be one collective entity and not capable of conspiring. *Jackson*, 925 F.3d at 819; *see also Novak v. City of Parma*, 932 F.3d 421, 436-37 (6th Cir. 2019) (same).

Here, all Defendants are members of the same collective entity (the MDOC) who work at the same divisional location. Plaintiff does not allege, much less show, that Defendants were acting outside the scope of their employments. The "scope of employment" limitation "recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Johnson*, 40 F.3d at 840. "The mere 'fact that two or more agents participated in the decision or in the act itself will normally not' suffice to create a conspiracy." *Id.* (quoting *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972)). In addition, "simply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation." *Harris v. Bd. of Educ.*, 798 F. Supp. 1331, 1346 (S.D. Ohio 1992). Instead, a plaintiff must allege that the defendants "acted other than in the normal course of their corporate duties." *Id.*

Plaintiff alleges no facts suggesting that Defendants were acting outside the normal course of their duties, however improperly he believes they may have been exercising those duties.

Plaintiff, therefore, does not establish the exception to the intracorporate conspiracy doctrine for actions taken outside the scope of employment. As a consequence, Plaintiff's conspiracy claim under § 1983 is barred under the intracorporate conspiracy doctrine.

For all these reasons, Plaintiff has failed to state a claim under § 1983 against Beaudry, Wagner, or Peller for participation in a conspiracy.

## Conclusion

Having conducted the review of Plaintiff's conspiracy claims required by the Prison Litigation Reform Act, the Court determines that Plaintiff's conspiracy claims against Defendants Beaudry, Wagner, and Peller will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Additionally, Plaintiff's request to amend his complaint, taken from his appellate brief, will be granted. The Court will consider his complaint amended to include the allegations quoted above from Plaintiff's appellate brief.

An order consistent with this opinion will be entered.

Dated: May 18, 2020                         /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE